```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                 NORTHERN DIVISION
```

MARILYNN D. STEWART                                        PLAINTIFF

VS.                           CIVIL ACTION NO. 3:13CV277TSL-JCG

STATE OF MISSISSIPPI
DIVISION OF MEDICAID                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Marilyn Stewart, a former employee of the State of Mississippi Division of Medicaid, filed the present action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, contending that during her employment, defendant denied her a promotion on account of her race.  The case is presently before the court on a motion by the Division of Medicaid for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Defendant has also filed a related motion to strike Stewart's affidavit which she submitted in support of her response to the summary judgment motion.  Both of these motions have been fully briefed by the parties, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that both motions should be denied.

Stewart, who is black, became employed by the Division of Medicaid in 1988 as a clerk-typist and over the years received a number of promotions, including Medicaid Auditor I (1990);

Medicaid Auditor II (1992); DP Technical Specialist I (1997); Associate Business Systems Analyst (1998); Business Systems Analyst I (2000); and Business Systems Analyst II (2008). Stewart alleges that in February 2012, the Division of Medicaid promoted a substantially less qualified white employee, Debbie Stuart, to the position of Senior Business Systems Analyst without even giving plaintiff an opportunity to apply for the position. Stewart filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and brought the present action following the EEOC's issuance of a notice of right to sue.

In evaluating cases of discrimination based on circumstantial evidence, the court applies the McDonnell Douglas burden-shifting analysis. Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 316–17 (5th Cir. 2004) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973)). Under the McDonnell Douglas framework, "[a] plaintiff relying on circumstantial evidence must put forth a *prima facie* case, at which point the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision." Berquist v. Wash. Mut. Bank, 500 F.3d 344, 349 (5th Cir. 2007) (citations omitted); Davis, 383 F.3d 309, 316–17. If the employer provides a legitimate, non-discriminatory reason for the employment decision, the plaintiff must submit evidence showing that the employer's stated reason was merely pretextual.

Davis, 383 F.3d at 317 (citations omitted). To establish a *prima facie* case of race discrimination based on a failure to promote, the plaintiff must demonstrate: (1) that she is a member of a protected class; (2) that she sought and was qualified for the position; (3) that she was not promoted; and (4) that the position was filled by someone outside the protected class. Oden v. Oktibbeha County, Miss., 246 F.3d 458, 468 (5th Cir. 2001) (citation omitted).

Defendant contends that Stewart cannot establish a *prima facie* case since it is undisputed that she did not apply for the position at issue, making summary judgment appropriate. Stewart argues in response that she is not required to prove that she applied for the position when the evidence shows that she was not given the opportunity to apply for the position. The Fifth Circuit has observed that "[t]he application requirement is important to establishing' the *prima facie* case 'because it shows that the decision-maker knew about the plaintiff and the plaintiff's interest in the position.'" Everett v. Mississippi, 106 Fed. App'x 264, 266 (5th Cir. 2004). In Everett, the court explained that

> where an employer does not publish a vacancy or create a formal application process, a plaintiff need not prove that she applied for the position in order to make out a *prima facie* case of discrimination. See Bernard v. Gulf Oil Corp., 841 F.2d 547, 570 (5th Cir. 1988); see also Dews v. A.B. Dick Co., 231 F.3d 1016, 1021-22 (6th Cir. 2000) (following Carmichael v. Birmingham Saw Works, 738

>    F.2d 1126, 1132-33 (11th Cir. 1984)).  Instead, a
>    plaintiff may satisfy her *prima facie* burden by
>    proffering evidence "that the company had some reason or
>    duty to consider her for the post."  Jones [v. Flagship
>    Int'l, 793 F.2d 714, 724 (5th Cir. 1986)]; accord
>    Johnson v. Louisiana, 351 F.3d 616, 622 (5th Cir. 2003);
>    Bernard, 841 F.2d at 570 ("It is not legally sufficient
>    or legitimate for an employer to reject an employee who
>    does not have notice or an opportunity to apply for a
>    promotion.").

Everett, 106 Fed. App'x at 266.  As one court has noted, "[t]his is not a particularly difficult task because 'when an employer uses such informal methods (to fill a position) it has a duty to consider all those who might reasonably be interested, as well as those who have learned of the job opening and expressed an interest."  Cooper v. Board of Sup'rs of Louisiana State University and Agr. and Mechanical College, No. Civ. A. 01–1560, Civ. A. 02–3054, 2004 WL 1274448, at *2 (E.D. La. June 8, 2004) (parenthetical added) (quoting Carmichael, 738 F.2d at 1133). "Such informal methods include 'word of mouth' and informal review procedures."  Id.  Here, plaintiff has presented her affidavit in which she attests that in 2009 or 2010, she informed her supervisor, Peter Montgomery, that she was interested in being promoted to Senior Business Systems Analyst.  Montgomery, she states, responded that the position had been eliminated.  In the court's opinion, this is sufficient to withstand summary judgment on this issue.[1]

---

    [1]   Defendant has moved to strike portions of Stewart's
affidavit, including paragraphs 5 and 6, in which she states that
she expressed her interest in the Senior Business Systems Analyst
position to Peter Montgomery, who responded that the position was

4

Defendant next contends that it is entitled to summary judgment because Stewart cannot demonstrate that its articulated legitimate nondiscriminatory reason for the selection of Stuart for the position was pretextual.  On this point, defendant states that in connection with a reorganization of the Division of Medicaid's structure, Stuart's then-existing position of Lead Systems Administrator was reallocated to the position of Senior Business Systems Analyst.  Defendant has explained the basis for this decision as follows:

> [The] decision to reallocate the positions were not based on technical experience alone, but also the concept of behavioral competencies; meaning, that one's past performance is the best predicator of future performance.  Ms. Stuart possesses those behavioral competencies desired to successfully fulfill the responsibilities of her current position.  She has proven her ability to manage large complex and multi-tiered projects, manage a budget and a schedule, manage vendors, manage details and manage executives.  She is invaluable in aptitude, knowledge, and execution of her current job responsibilities.

Defendant maintains that Stewart has not and cannot prove that defendant's articulated reason is false and that defendant intentionally discriminated against her.  "Pretext can be established either 'through evidence of disparate treatment', or

---

eliminated.  Defendant argues that these portions of Stewart's affidavit are "conclusory and subjective, constitute hearsay, and are without any factual basis to defeat Defendant's Motion for Summary Judgment."  The court perceives no valid basis for defendant's objection to plaintiff's sworn statement that she informed Montgomery of her interest in the position.  Neither is her testimony regarding Montgomery's response objectionable.  Neither statement is conclusory, subjective or hearsay.  The motion to strike these paragraphs will be denied.

5

by showing the 'proffered explanation is false or unworthy of credence'".  Allen v. Radio One of Texas II, L.L.C., 515 Fed. App'x 295, 299 (5th Cir. 2013) (quoting Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003) (internal quotation marks and citation omitted)).  "[A] nondiscriminatory explanation is 'unworthy of credence if it is not the real reason for the adverse employment action'."  Id. (quoting Laxton, 333 F.3d at 578). "'In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose.'" Id. (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).

In response to defendant's motion, Stewart has presented the job description for the position of Senior Business Systems Analyst, which reflects a high school diploma or GED plus ten years of directly related experience as minimum qualifications for the position.  She has also submitted her affidavit in which she states that whereas she met these qualifications, as she had a high school diploma and fifteen years of directly related experience,

> Debbie Stuart was not even minimally qualified for the job because she did not have the directly related experience required.  Ms. Stuart had no years of directly related experience as a Business Systems Analyst because she never performed any of those positions.

6

Defendant has moved to strike this part of Stewart's affidavit on the basis that it contradicts her prior deposition testimony, in which she testified as follows:

> Q: How long has Debbie Stuart been in the Bureau of Systems Management?
>
> A: I'm not sure.  She may have been there just as long as I have or a little bit longer, maybe a year or two longer than I have.
>
> Q: Do you know her job history with the Division of Medicaid?
>
> A: No, I don't.

Defendant evidently takes the position that Stewart's assertion in her affidavit that Stuart was not minimally qualified for the position directly contradicts Stewart's admission in her deposition that she did not know Stuart's job history.

As defendant correctly points out, "[i]t is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996) (citations omitted).  However, in her response to the motion to strike, Stewart has explained that her first affidavit does not contradict her deposition testimony.  In a supplemental affidavit, Stewart states that the only way to have directly related experience for the Senior Business Systems Analyst position would be for an employee to perform the position of Business Systems Analyst for at least ten (10) years; and she states that while she does not know Stuart's entire work history,

7

she does know that Stuart has never held the position of Business Systems Analyst.  While defendant decries this as "yet another dubious affidavit containing manufactured testimony in an effort to create a fact issue to defeat summary judgment," in the court's view, Stewart's second affidavit clearly explains the alleged contradiction in the testimony given in her deposition and first affidavit.  Accordingly, defendant's motion to strike will be denied, as will its motion for summary judgment, given plaintiff's evidence of her qualifications for the position as compared to Stuart, who according to plaintiff's proof was not even minimally qualified for the position.

Based on the foregoing, it is ordered that defendant's motion for summary judgment is denied.

SO ORDERED this  17th  day of October, 2014.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE